UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARDELL CAMPBELL,

     Plainitff,

                               Civil No. 2:08-CV-10224
                               HONORABLE PAUL D. BORMAN
v.                           UNITED STATES DISTRICT COURT

ST. CLAIR COUNTY JAIL,

     Defendant.

_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

## I.  INTRODUCTION

     Cardell Campbell, ("Plaintiff"), presently confined at the St. Clair County Jail in Port Huron, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the complaint is DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

## II.  STATEMENT OF FACTS

     Plaintiff claims that he has a dental problem involving a tooth which has gotten worse during his incarceration at the St. Clair County Jail. Plaintiff claims that unidentified dental personnel at the jail want to extract the tooth, but plaintiff claims that he would like to have the tooth saved by having a root canal performed, in order to save the tooth from extraction. Plaintiff also indicates that he would like a "microwave for the food they sell" and a "water dispencer (sic) for food and to drink" but does not elaborate how these issues relate to his dental claim.

1

## III.  STANDARD OF REVIEW

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997).  If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612.  Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

## IV.  DISCUSSION

The instant complaint must be dismissed, because plaintiff fails to state a claim upon which relief can be granted.

Under the Eighth Amendment to the U.S. Constitution, prison officials must provide adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Brooks v. Celeste*, 39 F. 3d 125, 127 (6th Cir. 1994).  The Eighth Amendment prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate. *Hicks v. Grey*, 992 F. 2d 1450, 1454-1455 (6th Cir. 1993).

The test to determine whether prison or jail officials have been deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment prohibition against cruel and unusual punishment, has an objective and subjective component. *Napier v. Madison County, Ky.,* 238 F. 3d 739, 742 (6th Cir. 2001)(*citing to Brown v. Bargery,* 207 F. 3d 863, 867

(6th Cir. 2000)).  The objective component requires an inmate to show that the alleged

deprivation is sufficiently serious, and poses a substantial risk of serious harm.  The subjective

component is satisfied if the inmate shows that prison officials had a "sufficiently culpable state

of mind." *Napier v. Madison County, Ky.,* 238 F. 3d at 742 (*citing to Farmer v. Brennan,* 511

U.S. at 834).  In other words, to prove deliberate indifference, a plaintiff must show that the

defendant "knew of, yet disregarded, an excessive risk to his health." *Logan v. Clarke*, 119 F. 3d

647, 649 (8th Cir. 1997).

    A  complaint that a doctor has been negligent in diagnosing or treating a medical

condition of a prisoner does not state a valid claim of medical mistreatment under the Eighth

Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Sanderfer v. Nichols,* 62 F. 3d 151, 154 (6th

Cir. 1995); *Kaufman v. Carter*, 952 F. Supp. 520, 525 (W.D. Mich. 1996).  "[M]edical

malpractice does not become a constitutional violation merely because the victim is a prisoner."

*Estelle,* 429 U.S. at 106.  For purposes of applying the deliberate indifference test to prisoner's

medical claims, courts make a distinction between cases where there has been a complete denial

of medical care and those cases where an inmate claims inadequate medical treatment.  In the

latter cases, federal courts are reluctant to second guess medical judgments and to

constitutionalize claims which sound in state tort law. *Kaufman v. Carter,* 952 F. Supp. at 525

(quoting *Westlake v. Lucas*, 537 F. 2d 857, 860 (6th Cir. 1976)).  A mere difference of opinion

between a prisoner and a doctor with respect to diagnosis and treatment of the prisoner's medical

condition does not rise to the level of a constitutional deprivation. *See Rumsey v. Michigan Dept.*

*Of Corrections,* 327 F. Supp. 2d 767, 777 (E.D. Mich. 2004); *See also Jones v. Martin,* 5 Fed.

Appx. 434, 435 (6th Cir. 2001)(prisoner has no right to particular form of dental treatment).

In the present case, the decision by jail officials to extract plaintiff's tooth, rather than to perform a root canal to save the tooth, does not evince deliberate indifference on their part towards plaintiff's dental needs.  Instead, their decision to forego a root canal and make a determination that plaintiff's tooth should be extracted involves merely a disagreement between plaintiff and jail officials over plaintiff's dental treatment and therefore fails to establish an Eighth Amendment claim for purposes of bringing a claim under § 1983. *See Davis v. Collins,* 230 Fed.Appx. 172, 174-75 (3rd Cir. 2007).  Accordingly, plaintiff fails to state a claim upon which relief can be granted.

Plaintiff further indicates at the bottom of the relief section that he wants a microwave for the food that "they sell" and a water dispenser for food and to drink.  Plaintiff, however, does not further elaborate on these allegations, nor does he indicate whether these allegations are made in connection with his dental claim or whether they involve an independent constitutional violation.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Board of Education,* 76 F. 3d 716, 726 (6th Cir. 1996); *See also Johnson v. Freeburn,* 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998)(conclusory unsupported allegations of a constitutional deprivation do not state a § 1983 claim).  Because this portion of plaintiff's claim is conclusory and unsupported, the complaint is subject to dismissal. *See e.g. Payne v. Secretary of Treas.,* 73 Fed. Appx. 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed.R.Civ.P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her.").

**V.  CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Docket No: 1, filed January 15, 2008]** is summarily **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 22, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 22, 2008.


s/Denise Goodine
Case Manager

5